and had put his car in about the same position as on the date of the accident. We do not think this was error. In any event, it was not prejudicial error.

It is urged that the testimony of the witness Jones, for the defense, was undenied and uncontradicted and, that giving credence to what he said, the verdict must have been for the defendant and that the jury should not be permitted to disregard this testimony. This position is not tenable, 1st, because all that Jones says may be true and the facts justify the jury in concluding, either, that the defendant was negligent in not providing effective brake, or, having provided it, failed to sufficiently set it and 2nd, there are many circumstances and facts from which inferences can be logically drawn which tend to refute his story.

There is no proof whatever tending to establish contributory negligence of the plaintiff. This is so obvious from the record that we do not deem it necessary to discuss it.

The defendant had the advantage in this case of fair trial insofar as the record disclosed. The jury resolved the evidence against him.

The judgment of the trial court will be affirmed.

Kunkle, PJ., and Allread, J., concur.

## CULLEN & VAUGHN CO v BENDER CO

Ohio Supreme Court
No 21887.  Decided March 5, 1930

Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

## STATE v CHALIKER
## STATE v JERKOVICH

Ohio Supreme Court
Nos 22031 & 32.  Decided March 5, 1930

Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

## MORRIS PLAN BANK OF CLEVELAND v VIONA et

Ohio Supreme Court
No 21802.  Decided March 5, 1930

## SEARS v OBERLANDER

No 21966.  Decided March 5, 1930

Marshall, CJ., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.